**Opinion issued October 11, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00331-CV

————————————

## IN THE INTEREST OF R.M.S.

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-31908**

---

## MEMORANDUM OPINION

In this accelerated appeal, appellant, Quentessa LaDawn Synegal, challenges the trial court's order, entered after a bench trial, terminating her parental rights to her minor child, R.M.S. On appeal, appellant argues that the evidence was legally and factually insufficient to support termination of her parental rights under Family

Code §§ 161.001(1)(E), (F), (O) or (P). *See* TEX. FAM. CODE ANN. §§ 161.001(1)(E), (F), (O), (P) (Vernon Supp. 2012). We affirm.

## TERMINATION OF PARENTAL RIGHTS

In her sole issue on appeal, appellant argues that the evidence supporting the trial court's termination of her parental rights to R.M.S. was legally or factually insufficient.

### *Standard of Review*

A parent's rights to the "companionship, care, custody, and management" of his or her child is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982); *see In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). Therefore, we strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). However, "the rights of natural parents are not absolute" and "[t]he rights of parenthood are accorded only to those fit to accept the accompanying responsibilities." *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003). Recognizing that a parent may forfeit his or her parental rights by their acts or omissions, the primary focus of a termination suit is protection of the child's best interests. *Id.*

In a case to terminate parental rights by the Department of Family and Protective Services ["DFPS"] under § 161.001 of the Family Code, DFPS must

2

establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination and (2) termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001. Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (Vernon 2008); *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d at 362.

In a legal sufficiency review in a parental-rights-termination case, the appellate court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d at 266. We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, disregarding all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id.* If, after conducting a legal sufficiency review of the record, we determine that no reasonable factfinder could form a firm belief or conviction that the matter that

must be proven is true, then we must conclude that the evidence is legally insufficient. *Id.*

In conducting a factual-sufficiency review in a parental-rights termination case, we must determine whether, considering the entire record, including evidence both supporting and contradicting the finding, a factfinder reasonably could have formed a firm conviction or belief about the truth of the matter on which DFPS bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). We should consider whether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266–67. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).

***Termination under Subsection 161.001(1)(O)***

Family Code section 161.001(1) identifies multiple grounds for involuntarily terminating parental rights. Subsection O authorizes termination if the court finds, by clear and convincing evidence, that a parent has:

> failed to comply with the provisions of a court order that specifically
> established the actions necessary for the parent to obtain the return of
> the child who has been in the permanent or temporary managing
> conservatorship of the Department of Family and Protective Services

4

for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O). Thus, under subsection (O) the Department must prove that: (1) DFPS has been the child's temporary or permanent managing conservator for at least nine months; (2) DFPS took custody of the child as a result of a removal from the parent for abuse or neglect; (3) a court issued an order establishing the actions necessary for the parent to obtain the return of the child; and (4) the parent did not comply with the court order.

Here, "[a]ppellant does not dispute the existence of evidence sufficient to support findings for elements 1, 3, and 4; [a]ppellant does, however, dispute that there was sufficient evidence to support the necessary finding that [DFPS] took custody of R.M.S. as a result of an emergency removal for child abuse or neglect under Family Code chapter 262." We agree that it is DFPS's burden to show, under subsection O, that the child was removed for abuse or neglect, *see In re E.C.R.*, 402 S.W.3d 239, 246 (Tex. 2013) (holding that "subsection O requires proof of abuse or neglect[.]"), and we interpret the words "abuse" and "neglect" broadly to necessarily include the risks or threats of the environment in which the child is placed. *Id.* at 248. However, we disagree with appellant's assertion that the record is insufficient to support the trial court's finding that R.M.S. was removed from appellant's home because of abuse or neglect.

5

In *E.C.R.*, the supreme court considered whether there was sufficient evidence to support the trial court's finding that the children involved had been removed because of abuse or neglect. *Id.* In so doing, the court considered an affidavit that DFPS had filed in support of its petition, in which the affiant noted allegations that the child's sibling had been physically abused. *Id.* The supreme court noted that, "[t]his affidavit, even if not evidence for all purposes, shows what the trial court relied on in determining whether removal was justified." *Id.* The court subsequently found "sufficient evidence to satisfy a person of ordinary prudence and caution that [the child] faced an immediate danger to his physical health or safety, that the urgent need to protect him required his immediate removal, and that he faced a substantial risk of a continuing danger if he were returned home[.]" *Id.* The supreme court then held that (1) the affidavit and (2) subsequent finding by the trial court authorizing the child's removal, were sufficient evidence to establish, as a matter of law, that the child had been removed under chapter 262 for abuse or neglect. *Id.* at 249. The supreme court also cited several similar cases in which documentary evidence supporting DFPS's petition and the trial court's subsequent temporary order for removal of the child were held to be sufficient evidence to establish that the child had been removed for abuse or neglect. *Id.; see, e.g., In re J.S.G.*, No. 14–08–00754–CV, 2009 WL 1311986, at *6–7 (Tex. App.—Houston [14th Dist.] May 7, 2009, no pet.) (mem.op.) (relying

6

on caseworker's affidavit in support of the Department's removal request, as well as trial court's temporary orders concluding that the children faced a danger to their physical health or safety and a substantial risk of a continuing danger if returned home, to conclude that the evidence established that the children were removed "as a result of neglect specific to them by" the mother); *see also D.F. v. Tex. Dep't of Family & Protective Servs.*, 393 S.W.3d 821, 830–31 (Tex. App.—El Paso 2012, no pet.) (noting that trial court's finding of immediate danger to child's physical health or safety or that they were neglected or abused supported finding of neglect); *In re S.N.*, 287 S.W.3d 183, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that affidavit, family service plan, and temporary orders showing danger to physical health or safety and substantial risk of continuing danger supported finding that children were removed under Chapter 262 for neglect); *In re A.A.A.*, 265 S.W.3d 507, 516 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (considering affidavit in support of removal and trial court's temporary orders finding continuing danger to the physical health or safety of the child if returned to the parent as evidence that child was removed because of neglect).

Here, DFPS's original motion to modify and petition for conservatorship and termination of parental right, filed on August 11, 2011, were accompanied by an affidavit in support filed by Christina Bailey, in which Bailey averred that when appellant appeared with her children at a doctors' appointment on March 31, 2011,

they reeked of urine, appellant appeared to be "under the influence of something," and her eyes were glassy. Allegations of physical abuse were ruled out, but appellant was referred to Family Based Safety Services due to appellant's apparent inability to care for the children. Part of the services required appellant to participate in a substance abuse assessment, which she did on May 19, 2011, testing positive for benzodiazepines and morphine. None of the prescriptions appellant had would have caused such a positive test. Bailey further stated that appellant failed to attend a subsequent meeting that had been set up to discuss her case and failed to take another drug test.

On August 25, 2011, the trial court held a full adversarial hearing, after which it signed an order appointing DFPS temporary managing conservator of the child. The trial court also found as follows:

> The Court finds there is sufficient evidence to satisfy a person of ordinary prudence and caution that: (1) there was a danger to the physical health or safety of the child which was caused by an act or failure to act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; (2) the urgent need for protection required the immediate removal of the child and makes efforts to eliminate or prevent the child's removal impossible or unreasonable; and (3) notwithstanding reasonable efforts to eliminate the need for the child's removal and enable the child to return home, there is a substantial risk of a continuing danger if the child is returned home.
>
> The Court finds sufficient evidence to satisfy a person of ordinary prudence and caution that there is a continuing danger to the physical health or safety of the child and for the child to remain in the home is contrary to the welfare of the child.

The affidavit in support of DFPS's petition and the subsequent temporary order by the trial court removing the child from appellant's home are the type of evidence upon which the supreme court relied *E.C.R.* in finding the evidence sufficient to support the trial court's finding that the child had been removed for abuse of neglect. In fact, in *E.C.R.*, the affidavit was sufficient to show that the child was removed for abuse or neglect, even though the allegations in the affidavit involved the abuse of a sibling. *In re E.C.R.*, 402 S.W.3d at 248. Here, R.M.S. is the actual subject of the allegations in the affidavit because he was present at the doctor's office when the abuse or neglect was documented.

Because a reasonable factfinder could have formed a firm belief or conviction that R.M.S. was removed from appellant's home for abuse or neglect, we conclude that the evidence is legally sufficient.[1]   *E.C.R.*, 402 S.W.3d at 249.

Appellant points to no contradictory evidence in the record to show that R.M.S. was removed for a reason other than abuse or neglect. Therefore, after considering the entire record, we conclude that the evidence

---

[1] To the extent that DFPS's affidavit was not admitted at trial, we note that the same information was contained in the Court Report filed by the Court Appointed Volunteer Advocate representing the child, and that the trial court took judicial notice of such report without objection by appellant. *See In re S.N.*, 287 S.W.3d at 190 n.2 (holding that error, if any, in considering affidavit in support of DFPS petition not admitted at trial was harmless when same evidence was admitted elsewhere). We also presume that the trial court took judicial notice of its own August 25, 2011 order granting DFPS temporary managing conservatorship of the child. *See In re K.F.*, 402 S.W.3d 497, 504 (Tex. App.—Houston [14th Dist.] 2013, no pet. h.) (holding that trial court was presumed to have taken judicial notice of its own orders).

is factually sufficient for a reasonable factfinder to have formed a firm belief that the R.M.S. was removed from appellant's home for abuse or neglect. *In re J.F.C.,* 96 S.W.3d at 266.

## CONCLUSION

Having found legally and factually sufficient evidence to support one predicate finding under section 161.001(1), and there being no challenge by appellant to the trial court's finding that termination would be in the best interest of the child, we affirm the trial court's judgment. *In re A.V.*, 113 S.W.3d at 362 ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

/s/ Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.